IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES MINTON, JR.** | : | **CIVIL ACTION** |
| v. | : | |
| **CACH, LLC and X, Y, Z CORPORATIONS** | : | **NO. 14-4371** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                          **September 25, 2014**

In this action brought under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e *et seq*. ("FDCPA"), the plaintiff, James Minton, Jr. ("Minton"), alleges that the defendant, CACH, LLC ("CACH"), violated the FDCPA when it attempted to execute on a five-year old state court judgment which included unlawful prejudgment interest and attorney's fees. The defendant has moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  It contends that Minton's claims are barred by the *Rooker-Feldman* doctrine, *res judicata* and the FDCPA's one-year statute of limitations.

We conclude that the *Rooker-Feldman* doctrine bars Minton's claims; and, if it did not, Pennsylvania preclusion law would.  Therefore, we shall grant the motion to dismiss.

## Procedural History[1]

On November 20, 2008, CACH filed suit against Minton in the Common Pleas Court of Bucks County, Pennsylvania for money due on an account.[2]  CACH had

---

[1] The facts are derived from Minton's complaint.

[2] Compl. ¶¶ 12, 14 (Doc. No. 1).

purchased the account, a consumer debt, from Direct Merchants Bank, the original creditor.[3]  At the time the account was charged-off on February 27, 2007, there was a balance of $9,870.10.[4]

In his complaint in this action,[5] Minton claims that CACH, who did not purchase the account until April 2, 2007, improperly demanded retroactive contractual interest because Direct Merchants Bank had waived the right to add interest above the statutory rate when it stopped sending monthly statements to Minton after the account was charged-off.[6]  Minton alleges that CACH violated the FDCPA when it misstated the amount owed by including the unlawful interest, attempted to collect money that it was not owed, and included $1,200 in attorney's fees that were not incurred and were unreasonable.[7]

On April 2, 2009, the state court entered a default judgment in an amount that included the alleged unlawful interest and attorney's fees.[8]  Minton did not file a motion to open or strike the default judgment or appeal it in the state court.  In April of 2014, CACH attempted to execute on the default judgment.[9]  Minton claims that this attempt

---

[3] Compl. ¶¶ 16, 22.

[4] Compl. ¶ 17.

[5] Minton originally filed his complaint in the Bucks County Court of Common Pleas.  On July 21, 2014, CACH removed the action to this Court.

[6] Compl. ¶¶ 18, 22-24.

[7] Compl. ¶¶ 22-23, 28-31, 38-40.

[8] Compl. ¶ 32; *CACH LLC v. James Minton*, No. 08-11854 (Ct. Cm. Pl. Bucks Cnty. Apr. 2, 2009).

[9] Compl. ¶¶ 33, 44.

was itself a violation of the FDCPA because the judgment amount included "unlawful interest."[10]

In moving to dismiss the complaint, the defendant argues that this action is nothing more than an attack on the state court judgment. It contends that the federal action is barred by the *Rooker-Feldman* doctrine.

## Discussion

### *Rooker-Feldman*

The *Rooker-Feldman* doctrine bars a federal court from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In short, a federal district court lacks subject matter jurisdiction over an action in the nature of an appeal seeking to reverse a state court decision. *See id.* at 293.

As the Supreme Court has made clear, the doctrine is narrowly applied in limited circumstances. *Exxon Mobil*, 544 U.S. at 292. The doctrine is not implicated "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. It does not apply when the federal plaintiff asserts an independent claim, even one that denies the state court's legal conclusions. *Id.*

The *Rooker-Feldman* doctrine applies only where: (1) the plaintiff in the federal action lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was entered before the federal action was filed; and (4) the plaintiff seeks federal review and rejection of the state judgment. *Great Western Mining*

---

[10] Compl. ¶ 33.

*& Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil*, 544 U.S. at 284). Factors two and four have been characterized as substantive; and one and three, procedural. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). The procedural posture will rarely be at issue. *See id.* at 89. The factors that typically drive the inquiry are two and four, the substantive ones. They are key to determining whether a federal suit brought by a state court loser is barred by the doctrine or presents a non-barred independent claim. *Id.* at 85-87.

There is no dispute that factors one and three are satisfied here. A judgment was entered against Minton in the state court action, five years before he filed this federal action. Therefore, we now consider whether his complaint seeks redress for an injury caused by the state court's judgment and, relatedly, whether he essentially asks us to review and reject that judgment.

For purposes of the *Rooker-Feldman* analysis, we understand Minton to assert that CACH violated the FDCPA where it attempted to execute on the state court judgment that included unlawful prejudgment interest and attorney's fees. In his response to the motion to dismiss, he describes the two counts of his federal complaint as: "[t]he first count alleges that Defendant attempted to execute on a judgment that was obtained in part based on unlawful calculation of post charge off interest. The second count alleges that Defendant attempted to execute on a judgment that was obtained in part based on unlawful calculation of liquidated [*sic*] attorney fees."[11] Addressing the statute of limitations argument, Minton declares that his case "complains not of the Defendant's conduct in the filing and prosecution of its underlying breach of

---

[11] Pl.'s Resp. at 1 (Doc. No. 9).

contract suit, but in the separate and independent act of seeking to execute on that judgment."[12]  Having identified Minton's claims, we turn to an analysis of the substantive elements of the *Rooker-Feldman* doctrine.

Although the substantive factors are closely related, the satisfaction of one does not necessarily satisfy the other.  A federal plaintiff may have been injured by the state court judgment, but review and rejection of that judgment is not necessary in order to grant him relief.  *Great Western*, 615 F.3d at 168.  In this scenario, the *Rooker-Feldman* doctrine would not bar the federal claim.

When determining whether the plaintiff complains of an injury caused by a state court judgment, the critical task is to determine whether he is attacking the state court judgment or the defendant's conduct in obtaining it.  In other words, we must focus on the source of the plaintiff's injury.  In doing so, we look beyond the plaintiff's characterization of his claims.  *See Hoblock*, 422 F.3d at 86.  We must discern if the action is cast as a complaint of third party conduct, but is actually a complaint of an injury "produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it."  *Great Western*, 615 F.3d at 167 (citing *Hoblock*, 422 F.3d at 88).

The question is: was the source of the injury the defendant's conduct or the state court judgment.  If it was the defendant's actions, the federal suit is an independent claim that is not barred by the *Rooker-Feldman* doctrine and is instead subject to state law principles of preclusion.  *Exxon Mobil*, 544 U.S. at 293.

Here, the state court judgment in favor of CACH and against Minton includes sums for interest and attorney's fees which Minton alleges were unlawfully included. Minton now complains that CACH violated the FDCPA when it attempted to collect what

---

[12] Pl.'s Resp. at 4.

the state court determined he owed, that is, when it attempted to execute on the judgment.  Minton is not basing his claim on CACH's actions prior to the entry of judgment.  Instead, his claim is that CACH violated the FDCPA when it attempted to execute on the judgment after it was entered.  Such a claim fits within the contours of the *Rooker-Feldman* doctrine.  *See Bryan v. Belvidere Nat. Bank*, No. 04-50009, 2004 WL 2412750, at *3 (N.D. Ill. June 14, 2004) ("[P]laintiffs cannot avoid *Rooker-Feldman* by framing their claims in terms of defendants' attempts to obtain exactly what the state court awarded to them.") (citation omitted); *Sherk v. Countrywide Home Loans, Inc.*, Civ. A. No. 08-5969, 2009 WL 2412750, at *6 (E.D. Pa. Aug. 5, 2009) (holding that plaintiffs who had a default judgment entered against them in a state foreclosure action were barred from asserting claim that defendants, pursuant to that judgment, wrongfully foreclosed on their property); *cf. Turner v. Crawford Square Apartments III LP*, 449 F.3d 542, 547 (3d Cir. 2006) (finding that the *Rooker-Feldman* doctrine did not apply to federal claims "*not* caused by the state court judgment but instead attributable to [violations] *that preceded the state-court judgment*.") (emphases added).[13]

Minton argues that the *Rooker-Feldman* doctrine does not bar this action asserting FDCPA violations arising from the defendant's post-judgment execution activity because the state court action concerned a breach of contract.  But, he clearly identifies the state court judgment as the source of his injury.  In arguing that the FDCPA one-year statute of limitations does not bar his claim, he contends that CACH's

---

[13] *See also Manu v. Nat. City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012) (finding a wrongful foreclosure claim barred by the *Rooker-Feldman* doctrine because the plaintiff's allegation that the defendants followed through with a foreclosure after a state court judgment was "nothing more than an attack on the state court judgment.").

attempt to execute on the judgment is what triggered the limitation period's running.  In doing so, he characterizes the source of his injury as the judgment.

Had Minton challenged CACH's conduct in procuring the judgment itself, the claim would be an independent one.  He is not attacking CACH's conduct in obtaining the judgment, but rather its attempt to execute on that judgment.  Minton argues that CACH violated an independent right created by the FDCPA to be protected from improper collection practices.  But, there is no violation for attempting to execute on a valid judgment.  Hence, the source of the injury is the judgment itself, not CACH's prejudgment conduct.

The remaining substantive factor is satisfied.  To find that CACH included unlawful interest and attorney's fees in the judgment amount, we would have to review and reject the state judgment.  Only by reviewing the judgment could we determine if the judgment amount had been properly calculated.  If we found that it included unlawful components, we would have to reject the judgment in order to grant Minton relief under the FDCPA.  *See In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (affirming district court's dismissal pursuant to the *Rooker-Feldman* doctrine where plaintiff's requested relief would negate the district court's order); *Sherk*, 2009 WL 2412750 at *5 ("To the extent the Sherks seek to appeal the state court's judgment by arguing that it was erroneously entered, their FDCPA claim is barred by the *Rooker-Feldman* doctrine.").

*Preclusion*

Even when a subsequent federal action is not barred by the *Rooker-Feldman* doctrine, it is still subject to state law preclusion principles.  *Exxon Mobil*, 544 U.S. at 293.  "The Rooker-Feldman inquiry is distinct from the question of whether claim

7

preclusion (res judicata) or issue preclusion (collateral estoppel) defeats the federal suit." *Great Western*, 615 F.3d at 170. Here, though we conclude that the *Rooker-Feldman* doctrine bars this action, we will still examine the preclusive effect of the state judgment.

A federal court must accord a state court judgment the same preclusive effect that the state in which the judgment was entered would give it. *Lance v. Dennis*, 546 U.S. 459, 466 (2006); *Turner*, 449 F.3d at 548. Pennsylvania preclusion law bars the relitigation of any claims between parties or their privies upon which a final, valid judgment on the merits has been entered by a court with authority to adjudicate such claims. *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). "*Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated in the first proceeding if they were part of the same cause of action." *Id.* The doctrine also bars issues that could have been raised as a defense to a claim. *Nevada v. United States*, 463 U.S. 110, 130 (1983); *In re Berg*, No. 90-3693, 1990 WL 175690, at *3 (E.D. Pa. Nov. 9, 1990) (citation omitted).

The interest and attorney's fees components of the money judgment have been determined. Judgment was entered in favor of CACH and against Minton, the same parties in this action, in an amount that included the interest and attorney's fees which Minton claims were unlawfully included. Minton could have challenged the interest and attorney's fees calculations in state court. He did not. He did not appeal from the state court judgment. Nor did he file a motion to open or strike the judgment. Therefore, his attempt to relitigate the issue would be barred by Pennsylvania preclusion law. *See Sherk*, 2009 WL 2412750 at *6; *Turner,* 449 F.3d at 550 ("[B]ecause [plaintiff] could

have raised her . . . claims in her prior state court action . . . res judicata bars the claims").

## Conclusion

Because Minton's action is barred by the *Rooker-Feldman* doctrine and Pennsylvania preclusion law, we shall grant the motion to dismiss his complaint.[14]

---

[14] It is not necessary to address CACH's statute of limitations argument.